UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Bernard Curry, | ) | C/A No. 3:08-2644-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Micheal C. Watkins, | ) | **Report and Recommendation** |
| | ) | |
| Defendant. | ) | |

The Plaintiff, James Bernard Curry (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names Micheal C. Watkins, Court Reporter for the Sixth Judicial Circuit Court, as the sole defendant. Plaintiff seeks monetary damages, as well as habeas corpus type relief.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] To the extent Plaintiff seeks to have his sentence vacated, he must file a Petition for a Writ of Habeas Corpus. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. § 2254, after state remedies have been exhausted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

2

never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff claims Defendant Watkins failed "to give a true and accurate recording" on Plaintiff's trial transcript. Specifically, Plaintiff states Defendant Watkins "removed the suggestiveness from the record" regarding testimony of an alleged victim in Plaintiff's criminal trial. Plaintiff claims the Defendant showed "prejudice in his movements during trial" and altered the "trial transcript in an attempt to help the state." Plaintiff states that he discovered the above discrepancies upon receiving a copy of the trial transcipt from Plaintiff's appellate defense counsel.

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the present action, Plaintiff sues Defendant Watkins for allegedly altering the transcript of Plaintiff's criminal trial. As a state court reporter, Defendant Watkins is a "state actor" amenable to

3

suit under § 1983. *See Antoine v. Byers & Anderson*, 508 U.S. 429, 437 (1993)(rejecting absolute immunity for court reporters); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006)(court reporters do not have absolute immunity from damage claims). In addition, some courts have recognized a § 1983 claim based on the deliberate actions of court reporters. *See McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995)(claim that court reporter failed to provide inmate with transcript of criminal trial was not frivolous); *Gagan v. Norton*, 35 F.3d 1473, 1476-77 (10th Cir. 1994)(claim that court reporters refused to prepare transcripts). However, "innocent errors, even if negligent" do not subject court reporters to liability under § 1983. *See Loubser v. Thacker*, 440 F.3d at 442, citing *Daniels v. Williams*, 474 U.S. 327, 330 (1986)(section 1983 claims cannot be founded on negligence).

Plaintiff, in the instant case, alleges that Defendant Watkins failed to provide an "accurate recording" of the criminal trial by removing "suggestiveness from the record." The portion of the trial transcript reportedly altered regards testimony of an "alleged victim" in Plaintiff's case, who was being asked questions about a photo line-up. Plaintiff remembers the witness testifying that he or she had never been shown a photo line-up, but had instead been presented with "a single picture on a piece of card board." The trial transcript in question apparently differs from Plaintiff's memory of what transpired.

As an initial matter, Plaintiff "does not have a constitutional right to a totally accurate transcript of his criminal trial." *Tedford v. Hepting*, 990 F.2d 745, 747 (3rd Cir. 1993). *See also Hampton v. Segura*, No. 07-60603, 2008 WL 1902458 at *2 (5th Cir. April 30, 2008)*; Brown v. New Mexico District Court Clerks*, No. 97-2044, 1998 WL 123064 at *3 (10th Cir. March 19, 1998). In addition, a plaintiff's constitutional rights are violated "only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding." *Tedford v. Hepting*, 990 F.2d at 747. *See also Robinson v. Smyth* , No. 07-3737, 2007 WL 4404020 (3rd Cir. Dec. 18, 2007)("errors in the transcript could implicate his

4

constitutional rights only if the errors called into question the validity of his appellate review"); *Colyer v. Ryles*, 827 F.2d 315, 316 (8th Cir. 1987)(civil complaint for damages frivolous where plaintiff was not prejudiced by allegedly altered transcript). Although Plaintiff states that he became aware of the alleged "alteration" of his trial transcript sometime during the appeal of his criminal conviction, Plaintiff does not allege that the transcript's inaccuracies prejudiced him in either his criminal trial or appeal. As such, Plaintiff's allegations are insufficient to state a violation of Plaintiff's constitutional rights under § 1983, and the case is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

s/Joseph R. McCrorey<br>
United States Magistrate Judge

August 5, 2008<br>
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).