IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| James Bernard Curry, #186737, | ) | C/A No. 3:08-2644-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Micheal C. Watkins, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The pro se plaintiff, James Bernard Curry, is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 against defendant Michael C. Watkins ("Watkins"), Court Reporter for the Sixth Judicial Circuit Court of the State of South Carolina. The plaintiff contends that Watkins failed to accurately record plaintiff's trial transcript out of prejudice and in an effort to help the State.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation ("Report") dated August 5, 2008 wherein he suggests that this court should

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted. Pro se complaints are held to a less stringent standard than those drafted by attorneys and should be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Report recommends that even though the plaintiff is entitled to a less stringent standard, summary dismissal is warranted.

Examining the plaintiff's allegation that the trial transcript was inaccurately prepared, the Report suggests the claims are insufficient to state a violation of plaintiff's constitutional rights under section 1983. A totally accurate trial transcript is not a constitutionally guaranteed right. See Tedford v. Hepting, 990 F.2d 745, 747 (3rd Cir. 1993). However, "if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding," a plaintiff's rights would be violated. Id. at 747. In the present action, plaintiff does not allege that the inaccuracies in the transcript prejudiced him in either his criminal trial or appeal. Therefore, plaintiff has failed to state a claim upon which relief may be granted.

The Report sets forth in detail the relevant facts and standards of law on these matters, and the court incorporates such without a full recitation.

The plaintiff was advised of his right to file objections to the Report. He filed timely objections to the Report on August 22, 2008. Finding no merit to any of the objections, the court overrules them and adopts the Report.

After a careful review of the record, the applicable law, the Report, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report is incorporated herein by reference and the case is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

September 25, 2008                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge